U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
SEP 08 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| STEVEN M. HUNTER | CIVIL ACTION NO. 06-1529-A |
| VS. | SECTION P |
| FREDRICK MENIFEE | JUDGE DRELL |
| | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is a Petition for an Emergency Injunction filed by pro se petitioner Steven M. Hunter on September 6, 2006. Petitioner is an inmate in the custody of the Federal Bureau of Prisons (BOP). He is incarcerated at the United States Penitentiary, Pollock (USPP). He claims that inaccurate information in his prison file has resulted in his transfer from the Federal Correctional Institute at Beckley (FCIB)[1] to USPP. He claims that this transfer violates BOP policy as set forth in Program Statement 5100.07 and he prays for an "emergency injunction" directing his transfer to a facility consistent with his custody level located within five hundred miles of his residence.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

---

[1] FCIB is located in Beaver, West Virginia. See http://www.bop.gov/locations/institutions/bec/index.jsp

report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## Statement of the Case

Petitioner is an inmate in the custody of the BOP; on some unspecified date he was transferred from FCIB to USPP. He claims that "...prison officials at FCI Beckley knowingly and intentionally use inaccurate information ... to incorrectly classify me where I receive three (3) points for two prior convictions where I should of have received zero (0) points..." According to petitioner, this incorrect information has caused him to be housed in an institution inconsistent with his security needs. Petitioner prays for an injunction directing the defendant to remove the allegedly incorrect information from his file; he prays that the defendant be ordered to re-classify him; and, finally, he requests an emergency transfer to an appropriate facility within five hundred miles of his residence in accordance with BOP Policy Number 5100.07.

## Law and Analysis

Petitioner, a federal prisoner, seeks prospective injunctive relief; therefore his petition is governed by the provisions of 18 U.S.C. §3626(a) which provides:

> Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs. The court shall not grant or approve any prospective

relief unless the court finds that such
relief is narrowly drawn, extends no further
than necessary to correct the violation of
the Federal right, and is the least intrusive
means necessary to correct the violation of
the Federal right. The court shall give
substantial weight to any adverse impact on
public safety or the operation of a criminal
justice system caused by the relief.[2]

The instant petition for injunctive relief fails to state a claim for which relief may be granted. In order to be eligible for the injunctive relief he seeks, petitioner must first establish "... the violation of the Federal right ..." See §3626(a), *supra*. It has long been settled that an inmate has no federal constitutional right to any particular security classification once incarcerated. Wilkerson v. Stalder, 329 F.3d 431, 435-436 (5 Cir. 2003), *cert. denied*, Cain v. Wilkerson, 540 U.S. 966, 124 S.Ct. 432, 157 L.Ed.2d 310 (2003); Harper v. Showers, 174 F.3d 716, 719 (5 Cir.1999); Whitley v. Hunt, 158 F.3d 882, 889 (5 Cir.1998). The classification of prisoners is a matter within the discretion of prison officials. McCord v.

---

[2] As used in this statute, the term "civil action with respect to prison conditions" means any civil proceeding arising under Federal law with respect to the conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison; the term "prisoner" means any person subject to incarceration, detention, or admission to any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program; the term "prison" means any Federal, State, or local facility that incarcerates or detains juveniles or adults accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law; the term "prospective relief" means all relief other than compensatory monetary damages. See 18 U.S.C. §3626(g)(2), (3), (5), and (7).

Maggio, 910 F.2d 1248, 1250 (5 Cir.1990). Thus, absent an abuse of discretion, which has not been demonstrated by petitioner, a federal court may not interfere with administrative determinations regarding custodial classifications of inmates. Whitley, 158 F.3d at 889.

Petitioner implies that his transfer to and current incarceration at USPP is violative of the Constitution. He implies that his re-classification and transfer from FCIB to USPP violated substantive liberty interests ostensibly protected by the Due Process Clause of the Fifth Amendment. Under 18 U.S.C. § 3621(b), the BOP may confine a prisoner in any facility and transfer him at any time. Federal prisoners generally have no constitutional right to placement in a particular penal institution. Olim v. Wakinekona, 461 U.S. 238, 245, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); Brown-Bey v. United States, 720 F.2d 467, 470 (7 Cir.1983); Moore v. United States Att'y Gen., 473 F.2d 1375 (5 Cir.1973). "Federal prisoners generally have no constitutional right to placement in a particular penal institution." *Id.* The federal courts do not "supervise the day-to-day administration of prisons." Meachum v. Fano, 427 U.S. 215, 224, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any

particular State. Often, confinement in the inmate's home State will not be possible. A person convicted of a federal crime in a State without a federal correctional facility usually will serve his sentence in another State. <u>Overcrowding and the need to separate particular prisoners may necessitate interstate transfers</u>." <u>Olim v. Wakinekona</u>, 461 U.S. at 245-246, 103 S.Ct. at 1745-1746 (emphasis supplied). In short, petitioner has no constitutional right to be incarcerated in any particular prison and his transfer to USPP cannot serve as the basis for federal injunctive relief. Compare <u>White v. Lambert</u>, 370 F.3d 1002 (9th Cir. 2004).

Accordingly,

**IT IS RECOMMENDED THAT** this petition for an Emergency Injunction be **DENIED AND DISMISSED WITH PREJUDICE** since it plainly appears from the face of the petition that the petitioner has failed to state a claim and is otherwise not entitled to relief.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers at Alexandria, Louisiana, on the 8th day of September, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE